IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER L. EZEKIEL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:19-00120 |
| ) | |
| BARBARA RICKARD, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

**FACT AND PROCEDURE**

A.  **Criminal Action No. 1:16-cr-00063:**

On May 5, 2016, Petitioner pled guilty in the United States District Court for the Middle District of North Carolina to one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). Ezekiel v. United States, Case No. 1:16-cr-00063 (M.D.N.C. Sept. 14, 2016), Document No. 17. On September 14, 2016, the District Court sentenced Petitioner to a 188-month term of imprisonment, to be followed by a 5-year term of supervised release. Id., Document No. 32.

Petitioner filed his Notice of Appeal. Id., Document No. 30. As his ground for appeal,

Petitioner argued that the District Court erred by denying his motion to withdraw his plea. Id. By Per Curiam Opinion entered on June 2, 2017, the Fourth Circuit affirmed the District Court's judgment. Id., Document No. 41; United States v. Ezekiel, 691 Fed.Appx. 115 (4th Cir. 2017).

**B.    Instant Section 2241 Petition:**

On February 19, 2019, Petitioner, acting *pro se*, filed his instant Section 2241 Petition "in light of United States v. Wheeler."[1] (Civil Action No. 1:19-00120, Document No. 1.) In his Petition, Petitioner challenges the validity of his sentence citing Mathis v. United States, 136 S.Ct. 2243 (2016) and Descamps v. United States, 133 S.Ct. 227 (2013). (Id.) Petitioner explains that his state conviction for "common law robbery" was considered as a "violent" offense in determining him to be a career offender under the Sentencing Guidelines. (Id.) Petitioner states that Mathis and Descamps "show that the statute used to career him is divisible, and therefore, does not count for enhancement purposes under 4B1.1(a)." (Id.) Finally, Petitioner concludes that Rosales-Mireles v. United States "confirmed that 'proof of a plain guideline error' will ordinarily be sufficient to meet the defendant's burden of showing that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas*

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2

*corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Middle District of North Carolina. Specifically, Petitioner alleges that his sentence is invalid based upon Mathis and Descamps. Petitioner is clearly

3

challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because such would be futile. Specifically, the instant Petition construed as a Section 2255 Motion would be untimely. The Fourth Circuit affirmed Petitioner's conviction and sentence on June 2, 2017, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (September 1, 2017). Petitioner filed his instant Petition on February 19, 2019, more than six months after the one-year

period expired.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of

---

[2] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:
    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.
28 U.S.C. § 2255(f).

Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered

that *Jones* is still good law in this circuit." Id. at 427. "In evaluating substantive claims under the savings clause, [courts] look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). Petitioner was convicted in the Fourth Circuit, therefore, the substantive law of the Fourth Circuit controls.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. Next, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Mathis and Descamps[4] is misplaced as both cases were decided prior to

---

> by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[4] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a

Petitioner's sentencing. Specifically, Descamps was decided on June 20, 2013 and Mathis was decided on June 23, 2016. Petitioner was sentenced on September 2, 2016. Accordingly, Petitioner's reliance upon Mathis and Descamps does not establish a change in settled substantive law occurring after his sentencing. Additionally, Petitioner could have sought relief based upon Mathis or Descamps in his direct appeal or by filing a Section 2255 Motion. Thus, Petitioner cannot satisfy the Wheeler requirements.

The undersigned further finds that Petitioner's reliance upon Rosales-Mireles is misplaced. In Rosales-Mireles, the Supreme Court held that in the context of a direct appeal of a defendant's sentence, a court of appeals should exercise its discretion under plain error review pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure to correct obvious errors by the probation department and district court in calculating a defendant's Guideline range even if the defendant fails to object to the errors at sentencing. Rosales-Mireles v. United States, ___ U.S. ___, 138 S.Ct. 1897, 201 L.Ed.2d 376 (2018). Initially, the undersigned notes that Petitioner fails to explain how Rosales-Mireles is applicable to his case. There is no allegation or indication that the Fourth Circuit erroneously failed to exercise its discretion under Rule 52(b) when reviewing Petitioner's Guideline range for plain error on his direct appeal. Thus, the undersigned finds no indication that Rosales-Mireles is applicable to Petitioner's case.[5] Furthermore, it is well recognized that Supreme Court's decision in Rosales-Mireles did not recognize a new rule of constitutional law that has been made retroactive to cases on collateral review. See Phelps v. Andrews, 2019 WL 6208537, *

---

past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

[5] On appeal, Petitioner argued that the District Court abused its discretion when denying Petitioner's motion to withdraw his guilty plea. *See United States v. Ezekiel*, 691 Fed.Appx. 115 (4th Cir. 2017).

3 (E.D.N.C. Nov. 20, 2019)(*Rosales-Mireles* has "not been found to apply retroactively on collateral review"); Valle v. McConnell, 2019 WL 6879363, * 2 (W.D.La. Nov. 12, 2019)("*Rosales-Mireles* did not establish a new rule of constitutional law that applies retroactively to cases on collateral review."); Harper v. United States, 2019 WL 6195059, * 2 (N.D.W.Va. Oct. 23, 2019)(finding that the Supreme court did not make *Rosales-Mireles* retroactive), report and recommendation adopted, 2019 WL 6178680 (N.D.W.Va. Nov. 20, 2019); Fane v. United States, 2019 WL 4170810, * 3 (C.D.Ill. Sept. 3, 2019)("*Rosales-Mireles* did not create a new right and . . . does not apply retroactively"); United States v. Hamilton, 2019 WL 2160835, * 2 (D.Kan. May 17, 2019)("*Rosales-Mireles* does not establish a new rule of constitutional law that has been made retroactive to cases on collateral review . . ."); Rembert v. United States, 2019 WL 1982521, * 2 (D.Me. May 3, 2019)("Petitioner's timeliness argument fails because *Rosales-Mireles* did not establish a newly recognized right, and it is not retroactively applicable to cases on collateral review."), report and recommendation adopted, 2019 WL 2314674 (D.Me. May 20, 2019); United States v. Carrasco, 378 F.Supp.3d 315, 317 (S.D.N.Y. May 1, 2019)(finding that *Rosales-Mireles* "did not identify a new right and make it retroactively available"); Kittrells v. Warden, 2019 WL 4317024, * 4 (S.D.W.Va. Feb. 7, 2019)("*Rosales-Mireles* has not been held to be retroactive to cases on collateral review."), report and recommendation adopted, 2019 WL 4309027 (S.D.W.Va. Sept. 11, 2019); McClurkin v. United States, 2018 WL 4952794, * 2 (D.Md. Oct. 11, 2018)(concluding that movant could not utilize Section 2255(f)(3) to justify the late filing of his Section 2255 motion because *Rosales-Mireles* "did not establish a new rule that applies retroactively to collateral actions."); United States v. Twitty, 2018 WL 4506802, * 5 (D.S.C. Sept. 20, 2018)(concluding that *Rosales-Mireles* has not been made "retroactively available to cases on

collateral review"), aff'd, 763 Fed.Appx. 318 (4th Cir. 2019). The undersigned, therefore, finds that Petitioner cannot satisfy the second prong of the Wheeler test.

Based upon the foregoing, the undersigned finds that Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: January 26, 2021.

Omar J. Aboulhosn
United States Magistrate Judge